# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR439 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| LOUIS AMIR, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is presently before the Court on Defendant Louis Amir's *pro se* "Notice" styled "Notice Change of Plea, Returned Indictment as Denied, Affidavit Stating Relevant Facts for the Denial of the Indictment." (Doc. No. 31.) The government has filed a response. (Doc. No. 32.) By his "Notice," Defendant Amir appears to challenge both the Court's subject matter jurisdiction, as well as its right to exercise personal jurisdiction over him. Defendant also takes issue with the procedure in which the indictment was returned, and attempts to change his "not guilty" plea to one of "denial."

On October 14, 2010, a grand jury returned a 29-count indictment charging Defendant Amir with 21 counts of conspiracy, wire fraud, money laundering and perjury. (Doc. No. 1.) On October 20, 2010, Defendant Amir entered a counseled plea of "not guilty" to the charges in the indictment.

In support of his position that the Court lacks subject matter and personal jurisdiction, Defendant Amir offers several unpersuasive reasons. He insists, for instance that he is not subject to the laws of the United States, that he does not have a social security number, and that he has never "acquiesced in the benefits of the United States," nor has he paid taxes. Defendant Amir misunderstands the nature of federal jurisdiction.

"Subject-matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005). *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004). These offenses include the offenses with which the government charged Defendant Amir in the indictment. The fact that "Article III [of the United States Constitution] permits Congress to assign federal criminal prosecution of [violations of federal offenses] is "the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

"Personal jurisdiction is supplied by the fact that [Defendant Amir] is within the territory of the United States." *Burke*, 425 F.3d at 408. *See Marks*, 530 F.3d at 810 ("[T]he district court had personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law."); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained.") Having appeared before the Court on a federal indictment charging violations of federal law, this Court may exercise personal jurisdiction over Defendant Amir.

Defendant Amir also contends, however, that the Court lacks jurisdiction over him because he is a "private natural man and real person," and that he is not subject to the laws of the United States.[1] This argument is frivolous, and warrants no further discussion. *See, e.g., United States v. Phillips*, 326 Fed. Appx. 400 (7th Cir. 2009) (rejecting as frivolous the argument that the defendant is a "natural man, a Sovereign state born citizen, a private human being").

Defendant Amir also complains that the government failed to comply with the Federal Rules of Criminal Procedure because it did not file a complaint or seek an arrest warrant. However, by virtue of the fact that the indictment charged Defendant Amir with numerous felonies, the government properly initiated this action by presenting an indictment to the grand jury. *See* Fed. R. Crim. P. 7(a)(1). There was nothing irregular or improper about this process.

For all of the foregoing reasons, to the extent that Defendant Amir's "Notice" may be construed as a motion, it is DENIED.

**IT IS SO ORDERED**.

Dated:  12/03/2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The government suggests that by rejecting his citizenship, Defendant Amir is seeking to expatriate. However, "Congress has broad authority over the conditions and procedures which must be satisfied to expatriate." *Koos v. Holm*, 204 F. Supp. 2d 1099, 1107 (W.D. Tenn. 2002). There is no evidence that Defendant Amir has followed any of the requirements for expatriation set forth in 8 U.S.C. § 1481, nor is clear that he could in light of his current incarceration. *See id*. In any event, seeking expatriation would not shield Defendant Amir from the responsibility of answering a properly brought indictment. *See The Santissima Trinidad and the St. An De*, 20 U.S. 283, 322-23 (1822).