UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.1:10CR439-001 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| LOUIS D. AMIR, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are a series of filings by the defendant, Louis D. Amir. Specifically, the Court shall address Defendant Amir's:

- "Denial of Order Entered on May 19, 2011" (Doc. No. 70);

- "Affidavit Rebutting the Presumption of Detention" (Doc. No. 71);

- "Notice of Violation of Title 18 U.S.C. § 3164(c)" (Doc. No. 72);

- "Notice of Proffer" (Doc. No. 73); and

- "Notice of Leave to the Ohio Attorney General" (Doc. No. 74).

The government has filed responses to these filings.

At the outset, the Court observes that it is unclear what relief Defendant Amir seeks with each filing. While his filings are titled as either a "denial," "notice," or "affidavit," it would seem that he is seeking relief from the Court's prior orders, and is, once again, challenging the Court's jurisdiction over him. Because the Court affords a liberal construction to pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972);

*Savoy v. United States*, 604 F.3d 929, 938-39 (6th Cir. 2010), the Court will treat these filings as motions. *See also* http://www.dictionary.law.com (The term "motion" is defined as "a formal request to a judge for an order or judgment.")

> *There are No Speedy Trial Violations*

In his "Notice of Violation of Title 18 U.S.C. § 3164(c)" and his "Denial of Order Entered on May 19, 2011," Defendant Amir both insists that his statutory right to a speedy trial has been violated, and challenges the Court's recent order finding that the "ends of justice served by [co-counsel's] oral motion for a continuance outweigh the best interest of the public and the defendant in a speedy trial […]." (*See* Doc. No. 65.)

Pursuant to 18 U.S.C. § 3161(h), certain specified "periods of delay shall be excluded in computing the time within which […] the trial of any [] offense must commence." Among the exclusions found in § 3161(h) relevant to the present case include: delay resulting from proceedings to determine mental competency or physical capacity of the defendant (18 U.S.C. § 3161(h)(1)(A)), delay resulting from the filing of pretrial motions (§ 3161(h)(1)(D)), and delay resulting from the granting of a continuance upon the finding that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. (§ 3161(h)(7)(A)).

On October 14, 2010, a grand jury returned a 29-count indictment charging Defendant Amir with 21 counts of conspiracy, wire fraud, money laundering and perjury. (Doc. No. 1.) On October 20, 2010, Defendant Amir entered a counseled plea of "not guilty" to the charges in the indictment. The Court set this matter for a final pretrial hearing of December 6, 2010, and a jury trial scheduled to commence on December 20, 2010.

2

On November 18, 2010, following a motion hearing, the Court entered an order finding that the ends of justice served by a continuance of the final pre-trial hearing and trial dates outweighed the best interest of the public and the defendants in a speedy trial "because failure to grant such a continuance would deny defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." (Doc. No. 29.) At that time, the Court also determined that the case was complex due to the fact that the 29-count indictment, involving three defendants, included a conspiracy to commit mortgage fraud via wire transfers, wire fraud and money laundering. Additionally, the Court noted that discovery was expected to include voluminous documents. (*Id.*)

At a hearing on May 18, 2011, the Court set a July 5, 2011 trial date for this matter. Newly appointed counsel for Defendant Daphene Stokes moved to continue the trial date. On May 19, 2011, the Court entered an order finding that the ends of justice served by a continuance outweighed the best interest of the public and the defendants in a speedy trial. The Court also renewed its determination that the case was complex, due to the nature of the prosecution and the number of documents involved. (Doc. No. 65.)

The "ends of justice" determinations are properly excluded from the time in which the government has to bring Defendant Amir to trial. *See* 18 U.S.C. § 3161(h)(7)(A). Defendant Amir now challenges these determinations, specifically attacking the Court's repeated findings that the case is "complex," noting that the government has "entered a minimal amount of documents into evidence thus far which does not constitute a complex matter pursuant to Title 18 U.S.C. § 3161(h)(7)(B)(ii)." However, there is no requirement that the government actually file the documents to

3

demonstrate the complex nature of a specific case. *See* 18 U.S.C. § 3161(h). Further, the government has represented that "there is an entire room at one of the Internal Revenue Services' local offices dedicated to housing the numerous records obtained and created by the government during the course of the investigation."[1] (Doc. No. 76 at 5.) On reconsideration, the Court finds that, due to the voluminous nature of the discovery in this case, as well as the complexity surrounding the financial transactions identified in the indictment, its determination that the case is complex was and remains warranted. Further, the Court renews its findings that the ends of justice in affording a limited continuance of this matter outweigh the interest of the defendants and the public in a speedy trial. The case is now set for trial to commence on August 29, 2011.

There have been further excludable delays in this case. On October 26, 2010, the government filed a motion for a determination of Defendant Amir's competency. (Doc. No. 10.) Following a mental health evaluation and a competency hearing, the Court adopted the Magistrate Judge's Report and Recommendation finding Defendant Amir competent on May 11, 2011.[2] (Doc. No. 59.) This case has been further delayed by the numerous motions, notices, and denials filed by Defendant Amir. (*See* Doc. Nos. 31, 39, 41-44, 71-75.)

Because all of these periods of delay are properly excluded in computing the time limitations specified in § 3161, Defendant Amir cannot establish that his

---

[1] The government further states that: "[t]he defendants and their attorneys have all been invited to schedule a time to review these records. Nevertheless, the Government has also presented each defendant with hard copies of what it believes are the most pertinent records in this case. With respect to Amir, these documents were produced despite his objections to receiving them." (*Id.*)

[2] On January 25, 2011, the Court entered, for good cause shown, an order granting Warden Hickey's request for a 45-day extension of the evaluation period. (*See* Doc. No. 51.)

statutory right to a speedy trial has been violated. As such, his "motions" to dismiss on this ground are DENIED.[3]

### *The Ohio Attorney General may not Dismiss this Action*

Defendant Amir has filed a "Notice of Leave" wherein he requests that the Ohio Attorney General dismiss the present federal criminal action. He offers no basis for why this case should be dismissed, and the State Attorney General has no jurisdiction over this case and lacks authority to dismiss it. Rather, federal "subject matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005). *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004). Defendant Amir has been charged with 21 separate federal offenses, all under Title 18 of the United States Code. Thus, as this Court has previously ruled (*see* Doc. No. 33), it has original jurisdiction over this case.

### *Defendant Amir's Pretrial Detention is Appropriate*

By his "Affidavit Rebutting the Presumption of Detention," Defendant Amir appears to seek reconsideration of the order of detention issued, following a detention hearing, by then Magistrate Judge Benita Pearson on October 22, 2010. (Doc. No. 8.) The government has responded, arguing that the reasons identified by the Magistrate Judge remain valid and warrant continued pretrial detention.

---

[3] On July 8, 2011, Defendant Amir filed a document styled "Notice of Violation of Title 18 U.S.C. § 316(c)(1)." (Doc. No. 79.) The defendant stresses in his "notice" that "[a]ny attempt by the Court or the Prosecuting Attorney's [sic] to construe this notice as a motion requesting relief would be done in bad faith and in violation of the Constitution for the Republic of Ohio Article I Bill of Rights […]." Notwithstanding this representation, it is clear that this "notice" raises the same speedy trial arguments raised elsewhere, and clearly seeks dismissal of the indictment on those grounds. As such, it is, by definition, a motion, and is DENIED for all of the reasons set forth above.

5

Section 3145(b) of Title 18 of the United States Code permits this Court to review the pretrial detention order of a magistrate judge. Specifically, that section provides:

> If a person is ordered detained by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

When reviewing a pretrial detention order of a magistrate judge, the Court "acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). *See United States v. Meeks,* 2010 U.S. Dist. LEXIS 110065, at *25 (E.D. Mich. Oct. 15, 2010); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge*." Yamini*, 91 F. Supp. 2d at 1129. In preparation for a ruling on Defendant Amir's motion, the Court has reviewed the order of detention, the transcript from the detention hearing, the parties' briefs and affidavits, along with other relevant portions of the record to date.

The Bail Reform Act allows courts to detain an arrestee pending trial if the government demonstrates by clear and convincing evidence after an adversarial hearing that no release conditions will reasonably ensure the safety of the community. *See* 18 U.S.C. § 3142(e)-(f); *see, e.g., United States v. Tortora*, 922 F.2d 880, 883-84 (1st Cir. 1990) (clear and convincing evidence that defendant posed a danger to community). A

judicial officer may also detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight such that no condition or combination of conditions will reasonably assure the defendant's presence at trial. *See* 18 U.S.C. § 3142(e); *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (government must prove by preponderance of the evidence that defendant presents a flight risk); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (same); *see United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004); *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). A properly supported finding that the defendant is either a flight risk or a danger to the community will support a detention order; proof of both is not necessary. *See United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995) (pretrial detention required where defendant deterred from flight by $1,000,000 bail bond but nonetheless posed danger to the community).

Section 3142(g) sets forth factors that a court must consider when determining whether to release a defendant on bail/bond, or order that he be held in custody until the completion of trial. These factors include: (1) the nature and circumstances of the offense charge, including whether the offense is a crime of violence or involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and the seriousness of the

7

danger to any person or the community that would be posed by the person's release.[4] 18 U.S.C. § 3142(g).

In her Order, the Magistrate Judge considered the factors set forth in 18 U.S.C. § 3142(g), and determined that the "history and characteristics" of Defendant Amir, including the fact that he repeatedly gave inaccurate information about his actual physical residence to Pretrial Services and other officials, and that he does not consider himself to be a citizen of the United States or the State of Ohio, "militated strongly" in favor of pretrial detention. (Detention Order at 2.) In reaching her conclusion, the Magistrate Judge found that Defendant Amir provided at least three different home addresses to law enforcement officers, but none of the addresses could be confirmed.[5] She also noted that Defendant Amir had been unable to surrender his passport, and that he had pending criminal charges in two state-court cases involving drug trafficking and possession and weapons charges. (*Id.*)

Defendant Amir can point to no new evidence that calls into question the Magistrate Judge's initial determination. If anything, a consideration of the relevant factors today more strongly favors pretrial detention now then when the issue was first addressed. One of the key factors the Magistrate Judge relied upon in finding the

---

[4] Section 3142(g)(3) further provides that the history and characteristics of the person may include: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law […]."

[5] Specifically, the government presented evidence that Defendant Amir had been evicted from one residence, the only structure located at another residence was still under construction, and there was no physical structure at the third residence. At the detention hearing, Defendant Amir identified a fourth possible residence, but the government presented unrebutted evidence that he had actually been living at motel until his arrest. (*Id.* at 3.)

appropriateness of pretrial detention was the fact that he refused to acknowledge his U.S. citizenship, and that he testified that he had applied for expatriation. (*Id.* at 3.) What has become clear as this case moves forward is that, not only does he challenge his federal citizenship, but he also challenges his obligation to appear before this Court to answer the charges in the indictment.

In his affidavit, Defendant Amir renews his belief that he need not acknowledge the United States and its authority to bring charges against him, noting that he is a "Republic Citizen and Private Individual whom does not have a security agreement with THE UNITED STATES federal corporation […]," that he was not "born to THE UNITED STATES federal corporation and subject to its jurisdiction thereof," that he is not a federal citizen, that he has never filed a federal tax return, and that he is "not property belonging to THE UNITED STATES federal corporation and is not subject to its corporation statutes […]." (Doc. No. 71 at 2-3.) In its December 3, 2010 Order rejecting similar claims, the Court determined that it had both subject matter over the present action and personal jurisdiction over Defendant Amir. (*See* Doc. No. 33.)

Indeed, the record since the detention hearing is replete with instances in which Defendant Amir has challenged the Court's authority over him and these proceedings. He has caused numerous filing to be docketed which attempt to rescind the indictment and various court orders. (*See* Doc. Nos. 31, 39, 44.) In addition, in numerous hearings before this Court, Defendant Amir has consistently opined that the Court has no authority to try him on the charges in the indictment, and that he does not have to answer to the Court. In fact, on occasions, Defendant Amir has refused to answer the Court's

9

questions, or otherwise participate in the proceedings.[6] Indeed, as Defendant Amir concedes, he has been unwilling, at times, to enter the courtroom under his own power, and has had to have been brought in by Deputy United States Marshals through the use of a wheelchair. (*See also* Doc. No. 70, in which Defendant Amir states "Amir has made clear to the court he will not proceed to trial on the time barred purported indictment," and Doc. No. 72, wherein Defendant Amir stated that he has "never stood to acknowledge the courts [sic] authority and submit to it [sic] discretion.")

The fact that Defendant Amir continues to challenge the Court's authority to even hear the present matter leads to the inevitable conclusion that, if released, Defendant Amir would be unlikely to present himself for trial before this Court. Coupled with the fact that he still has not caused his passport to be surrendered, and the fact that the government has represented in court proceedings that the investigation cannot account for upwards of 3.7 million dollars allegedly received by Defendant Amir into his personal bank account, the Court finds that the history and characteristics of this defendant weigh heavily in favor of finding that he represents a significant flight risk.

Other factors also weigh in favor of continued pretrial detention. While Defendant Amir notes that the charges in the indictment do not involve crimes of violence or drugs, the charges against Defendant Amir are serious, and the maximum

---

[6] In the most recent pretrial hearing, on May 19, 2011, Defendant Amir refused to answer any of the Court's questions relating to his request to proceed without the assistance of counsel. It was only after the Court stated that it could not find that he had knowingly and voluntarily waived his right to counsel that he was willing to answer the necessary inquiries of the Court.

sentence for the wire fraud count, alone, is 30 years.[7] *See* 18 U.S.C. § 1342 and 2. Further, while he provides yet another new address in his affidavit, he fails to explain his relationship to this new address. Given his history of providing inaccurate information about his residence, and the fact that he was arrested at a motel where he had been living for approximately one month prior to his arrest, the Court shares the Magistrate Judge's concerns that Defendant Amir could not be found at any address.

The Magistrate Judge did not address Defendant Amir's family ties, employment, drug use, or length of residence in the community. Defendant Amir avers that he has resided in Cleveland his entire life, that he has strong ties to the community, and that he "lacks any substantial financial resources and currently depends on his loved ones for financial support […]."[8] (Affidavit at 7-8.) He also underscores the fact that he has never been convicted of a felony, and has no history of drug or alcohol abuse.[9] (*Id*.) Even if the Court were to accept these representations at face value, the Court would find that they do not outweigh the strong evidence that Defendant Amir remains a substantial flight risk.

The defendant also appears to challenge the detention order on speedy trial grounds by arguing that there was a delay between the execution of the search warrant

---

[7] Defendant Amir is also charged with conspiracy, in violation of 18 U.S.C. § 371, which carries a maximum penalty of 5 years; money laundering, in violation of 18 U.S.C. § 1957 and 2, which carries a maximum 10 year sentence; and perjury, in violation of 18 U.S.C. § 1623, which carries a 5 year maximum sentence. At the detention hearing, the government represented that the Sentencing Guideline range for Defendant Amir, should he be convicted on all counts, would likely be between 97 and 121 months.

[8] He also maintains, however, that he "has interest in various enterprises from which he derives his living […]." (*Id.*)

[9] In addition, he claims that he has appeared at "100% of all court proceedings required while under his own discretion with full liberty to do so […]." (*Id*. at 8.) However, the record reflects that Defendant Amir was arrested on October 15, 2010, at which time he was arraigned and remanded to the custody of the U.S. Marshal. As such, all court appearances in this case have been subsequent to his entry into pretrial custody, and there have been no times in which the defendant appeared "under his own discretion."

and the issuance of the subpoena requiring Defendant Amir to provide handwriting samples, fingerprints, and photographs. It is well settled, however, that the Speedy Trial Act is not triggered until formal federal charges are filed. *See United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989). The delay between the execution of the search warrant and the proceedings before the grand jury cannot serve to establish a speedy trial violation; nor can it be used to challenge Defendant Amir's continued pretrial detainment.

Ultimately, the Court finds no reason to alter the Magistrate Judge's order of detention. If anything, Defendant Amir's actions and filings since the issuance of the detention order only serve to reinforce the initial determination that Defendant Amir poses a flight risk, and that more probably than not, no condition or combination of conditions would reasonably assure his appearance at trial. As such, Defendant Amir's "motion" for reconsideration of the detention order is DENIED.[10]

For all of the foregoing reasons, to the extent that Doc. Nos. 70-74 seek reconsideration of the Court's prior orders, or challenge the Court's jurisdiction over this

---

[10] Defendant Amir has also filed a "Notice of Proffer" wherein he states that the affidavit rebutting the presumption of detention (which he has identified as "AMIR's EXHIBIT 10-B") "will be deemed by a tacit agreement stipulated facts amongst the parties entered on this case in the interest of judicial economy" unless the government proffers contrary evidence. (Doc. No. 73.) The Court finds that the unsupported allegations and frivolous legal arguments contained within this affidavit cannot and do not establish the stipulated facts in this case merely because Defendant Amir deems it so.

12

matter, they are DENIED.

**IT IS SO ORDERED**.

Dated: July 13, 2011

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**